## THOMAS LANCASTER v. THE STATE.

1. COSTS. *Clerk's Fees.* The clerk is not entitled to pay for " an order for *capias* to issue." The law makes it his duty to issue a *capias* upon the return of an indictment or presentment, if the defendant is not in custody.

2. The clerk is entitled to only one fee " for presentment or indictment, charging prisoners and pleas."

3. SAME. *Witness Fees.* The clerk will not tax the attendance or mileage of any State witnesses who do not prove their attendance in *open* court, by oath, that he has not directly or indirectly procured himself to be summoned, that he was legally summoned on behalf of the State, and has verily attended the number of days claimed.

4. The attendance of witnesses not legally summoned, cannot be taxed.

---

FROM DEKALB.

---

Appeal in error from the Circuit Court of DeKalb county. N. W. McCONNELL, J.

T. J. FISHER for Lancaster.

JOHN FRIZZELL for the State.

McFARLAND, J., delivered the opinion of the court.

Lancaster was convicted of gaming and adjudged to pay a fine and costs, which he secured. He afterwards, at the next term of the court, moved to correct the taxation of the costs, specifying in his motion the items complained of. The motion was in part sustained, but in other respects overruled. He alone has appealed.

His first objection is to the costs taxed in favor of the clerk. The items óbjected to were stricken out by the Circuit Judge, except the following, to-wit: "Order for capias, 25 cents; two securities of record, 50 cents; plea and charge, 25 cents, and order staying *fi. fa.*, 25 cents." There being no appeal by the State or clerk as to the items stricken out, we confine our attention to the items specified in the motion which the court refused to strike out.

1st. Order for capias, 25 cents. The clerk added to the entry upon the minutes showing the return of the presentment, an order for *capias* to issue, and for this charges the fee. The order was unnecessary, as the law makes it the duty of the clerk to issue a *capias* upon the return of a presentment, if the defendant is not in custody. Code, section 5103. But the order appears upon the minutes of the court, and must be presumed to have been made by the order of the judge, and in this view may be allowed.

The second item is for two securities of record, 50 cents. This seems to be within the letter of the fee-bill, sections 4551 and 4560.

The third item is for "plea and charge," 25 cents. Sub-section 2 of section 4560, allows for presentment or indictment charging prisoners and pleas, 25 cents. The clerk charges for presentment 25 cents, and for plea and charge, 25 cents. We think but one fee is allowed, not two of 25 cents each.

4th. Order staying execution by consent, 25 cents. This, although embraced in the same entry as part of the final judgment, is an addition thereto not contem-

plated by law as part of the final judgment, and the clerk is entitled to pay therefor as an additional order.

It seems that in some instances, clerks have been in the habit of " dividing " one entry of record so as to charge several fees for it, as for a judgment, order, rule, motion, etc., etc. The practice is not to be approved, perhaps, to the extent it is sometimes carried, but in this case the Circuit Judge sustained the defendant's motion except as to the items specified, and as to these we think we are authorized to strike out only the one indicated.

2d. The defendant moved the court to strike out the attendance of the State's witnesses, including their mileage and turnpike fees, upon the ground they had not proved their attendance before the clerk, as required by law. On this motion, the clerk certifies that he had not sworn the witnesses, but merely took their statement as to the time they had attended, mileage, etc., and taxed their costs accordingly. The Circuit Judge overruled this motion, and we think erroneously.

The Code, section 5394, provides that the witness on the part of the State " shall prove his attendance in open court by *oath* before the clerk, that he *has not directly or indirectly procured himself to be summoned* as a witness, that he was legally summoned on behalf of the State, and has verily attended the court as a witness the number of days claimed."

This is a plain, direct and positive statute, and the failure to enforce it, opens such a wide door for fraud and speculation upon the State and counties, that it

seems to us that there is every reason for its rigid enforcement, especially when the point is made directly and at the proper time. That in this particular instance the costs may be paid by the defendant, does not alter the case. Possibly a failure to observe the positive requirements of this statute may account, in some instances, for the unreasonable bills of costs against the State and counties.

Again, in addition to this objection to all the State's witnesses, the defendant objected to the costs of certain witnesses specified, upon the ground that they were not legally summoned. The facts were shown to be, that one Johnson was the principal witness for the State; an attack upon his character was apprehended; he procured from the clerk a blank subpœna, and when he found a witness who would sustain him, he inserted his name and summoned him. He returned the subpœna executed, and signed his name as " D. Sh'ff." He admitted that he was not an officer, and had not been deputized by any one. The Circuit Judge allowed the witnesses thus summoned *one day's* attendance.

Witnesses who attended without being lawfully summoned, cannot be taxed to the opposite party. *Watson* v. *Waterhead*, 2 Yer., 230. It is clear these witnesses were not lawfully summoned, and we do not find any statute giving the Circuit Judge any discretion.

The point was also made, that part of the State's witnesses were not examined, and the defendant had no witnesses summoned, although he examined witness as to character, but as upon the first point the

attendance of all the witnesses is for the present stricken out, it is unnecessary to decide that point.

The judgment of the Circuit Court will be reversed upon the points indicated.